```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CRISTINO A. LINARES,

    Petitioner,

v.                                Case No. 2:05-CV-315-FTM-29SPC

DEP'T OF CHILDREN AND FAMILIES,
STATE OF FLORIDA,

    Respondents.
_____/

## **O P I N I O N   A N D   O R D E R**

This cause is before the Court on Petitioner Cristino Linares's("Petitioner" or "Linares") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition")(Doc. #1). Petitioner filed his Petition as a convicted state felon being housed at the Florida Civil Commitment Center ("FCCC"), awaiting his Jimmy Ryce civil commitment trial ("Jimmy Ryce Trial"), pursuant to Sections 394.910-.931, Florida Statutes (2000). Petitioner claims the Department of Homeland Security "instituted Deportation proceedings against him" in 1993 (formerly the Immigration and Naturalization Service or "INS")(see Petition, p. 3). According to the Florida Department of Corrections Offender Network, Inmate Release Information Detail, the INS issued a detainer on October 20, 1999.

In the instant Petition, Linares asks the Court to determine whether his continued detention by the Department of Children and Families while he awaits his Jimmy Ryce Trial is constitutional,

arguing that the INS proceedings, commenced prior to his present civil detainee status, should trump the state civil commitment custody and he should be deported to his homeland of Cuba[1].

Section 2254(b)(1) provides that an application for a writ of habeas corpus is intended to be brought "on behalf of a person in custody pursuant to the judgment of a State court" who has exhausted his state court remedies. Linares is a civil detainee at FCCC under a probable cause order and is still awaiting his Jimmy Ryce Trial. In other words, Linares has not yet been declared a sexually violent predator in need of commitment under the Jimmy Ryce Act because his commitment trial has not yet been conducted. Linares is not "in custody pursuant to the judgment of a State Court" for federal habeas corpus purposes and he has not yet had the opportunity to exhaust available state remedies. Consequently, a habeas petition challenging Petitioner's civil commitment is premature.

Similarly, the filing of a "detainer" is an informal process which does not equate to "custody," consequently, even if under INS detainer, Linares is not in INS custody for habeas corpus purposes. <u>Orozco v. U.S. I.N.S.</u>, 911 F.2d 539, 541, n. 2 (11th Cir. 1990)("The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges

---

[1]It should be noted that Petitioner's underlying convictions and initial probable cause determination originate in Miami-Dade, located in the jurisdiction of the United States District Court for the Southern District of Florida.

and requesting notification prior to the prisoner's release. <u>United States v. Shahryar</u>, 719 F.2d 1522, 1524 n. 3 (11th Cir.1983)"); <u>Santana v. Chandler</u>, 961 F.2d 514 (5th Cir. 1992). The Eleventh Circuit has recently confirmed its position, as stated in <u>Orozco</u>, on "custody" as a result of an INS detainer, stating,

> We reject Petitioner's argument that INS "effectively arrested" Petitioner by INS's issuance of a Notice of Detainer letter on 16 April 1996. <u>See Orozco v. INS</u>, 911 F.2d 539, 541 (11th Cir.1990) ("The filing of [a] detainer, standing alone, did not cause [the alien] to come within the custody of the INS."). In a similar way, we cannot conclude that the filing of the detainer letter combined with the fingerprinting of Petitioner brings this case into the purview of <u>Alanis-Bustamante</u>, 201 F.3d at 1311 (holding "a removal proceeding has effectively commenced once INS has served the alien with an order to show cause and lodged a warrant of detainer against him"): An important difference exists between the serving of an order to show cause and the fingerprinting of a person.

<u>Oguejiofor v. Attorney General of U.S.</u>, 277 F.3d 1305, 1308 n.2 (11th. Cir. 2002). Linares in not "in custody" of either the State or the INS for purposes of seeking federal habeas relief.

Alternatively, even if the Court construes Linares's Petition as seeking a Writ a Mandamus to compel the INS to finalize deportation proceedings against him, such relief is not available through a habeas corpus action. <u>Orozco,</u> 911 F.2d at 541.

For the reasons explained above, it is now

**ORDERED**:

Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice** except as to any

application of the federal statute of limitations or other procedural bars which may apply. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida on this ___14th___ day of November 2005.

_____
JOHN E. STEELE
United States District Judge

Copies to:
Petitioner
Respondent
SA/hmk
SA/as